11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Alton Lee Lewis, Jr.

Appellant

Vs.                   No.
11-03-00024-CR B Appeal from Dallas County

State of Texas

Appellee

 

Alton Lee
Lewis, Jr. entered an open plea of guilty to the offense of aggravated sexual
assault of a child under the age of 14. 
The trial court accepted his plea of guilty and assessed his punishment
at confinement for 20 years and a fine of $2,500.  We affirm.  

Appellant=s court-appointed counsel has filed a brief
in which she advises the court that she has conscientiously examined the
record.  In her brief, counsel reviews
the trial court=s jurisdiction, the validity of the
indictment, appellant=s
plea, the admonishments given by the trial court, the voluntariness of the
plea, the admission of appellant=s confession, the sufficiency of the evidence, the assessment of
punishment, the validity of the judgment, and the effectiveness of trial
counsel.  Counsel discusses the
applicable law and concludes that there are no grounds upon which to predicate
a reversal.     

Counsel
has furnished appellant with a copy of the brief and advised appellant of his
right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures outlined in Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).








Following
the procedures outlined in Anders, we have independently reviewed the
record.  The record supports the trial
court=s conclusion that appellant=s plea was freely and voluntarily
entered.  The record does not reflect
that counsel=s representation was not within the range of
competence demanded of attorneys in criminal cases or that there is a
reasonable probability that, but for counsel=s error, appellant would not have pleaded guilty but would have
insisted on going to trial.  Hill v.
Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530
(Tex.Cr.App.1997), cert. den=d, 525 U.S. 810 (1998). 
Appellant was afforded reasonably effective assistance of counsel in the
trial court.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  We agree that the appeal is without
merit.  

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.